[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 115 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 116 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 117 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 118 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 119 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 120 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 121 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 122 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 123 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 124 
 ON SUGGESTION OF ERROR
On April 16, 1951, we affirmed a judgment for $10,000 in favor of the appellee herein, Richard Cleveland, a minor, for damages sustained by him because of the explosion of a forty millimeter anti-aircraft shell which he picked up on the unused portion of a public street adjacent to the junk yard of the appellant, Shemper *Page 130 
Company, at Hattiesburg, Mississippi, and the presence of which anti-aircraft shell, along with numerous others, were on the street right of way due to the negligence of said operator of the junk yard.
On May 16, 1951, this Suggestion of Error was filed, and after a consideration of the briefs filed in support thereof, we concluded to call for reply briefs thereto under a memorandum mailed to the attorneys for the appellee on July 10, 1951, to be directed in particular (1) to the question of whether or not it was error for the trial court to have submitted the Attractive Nuisance Doctrine to the jury, together with the issue of whether or not the appellant was guilty of actionable negligence as a tort feasor in allowing these dangerous explosives to be thrown into the unused portion of the public street adjacent to the junk yard, where, according to the proof, children had been accustomed to play; and (2) whether or not, assuming that it was error to submit to the jury the issue of liability on the theory of the Attractive Nuisance Doctrine, it was prejudicial to such an extent as to have affected the result of the trial.
We are indebted to the several attorneys of the respective parties for the very helpful and exhaustive briefs that have been submitted on these and other phases of the case.
A majority of the Judges are of the opinion that (Hn 1) the Attractive Nuisance Doctrine is inapplicable to the case for the reason that the plaintiff, a boy thirteen years of age, did not go upon the premises of the defendant in finding and picking up the loaded shell on the street right of way but was merely attracted to a point nearby the property line by some aeroplane parts which he desired to look at for the purpose of ascertaining whether or not he would desire to purchase the same for use in making a miniature aeroplane, and when he reached a point near enough to look at the aeroplane parts he found several little piles of these discarded anti-aircraft loaded shells on the street right of way, and for the *Page 131 
presence of which shells, the jury was warranted in concluding, from the preponderance of the evidence, that the defendant was responsible. We all agree that (Hn 2) the plaintiff not being on the premises of the defendant, either as a trespasser or otherwise, at the time he found and picked up the shell, which later exploded when he threw it to the ground, the rule which makes a defendant liable to a trespasser only for willfully or wantonly injuring him, or proximately causing him to be injured, is not applicable under the facts of this case.
(Hn 3) All of the Judges likewise agree that the jury was warranted in finding from the overwhelming weight of the evidence that the defendant was guilty of actionable negligence in allowing these loaded shells to become placed and to remain on the street right of way. And the declaration contained an allegation of common law negligence, aside from the allegation that the plaintiff was attracted to the junk yard by the aeroplane parts, etc. The issue as to whether or not the defendant was guilty of common law negligence, and of being a tort feasor under all of the facts in the case, was submitted to the jury under proper instructions, and since such issue was so thoroughly established by the overwhelming weight of the evidence, we have concluded that the submission of the further issue as to whether the defendant was also liable under the Attractive Nuisance Doctrine did not prejudice the rights of the defendant to such an extent as it could reasonably be said that the submission of such issue to the jury under the instructions had the effect of producing a different result than would have been reached if the issue of liability on the theory of common law negligence alone had been submitted under the principle announced in the cases of Hercules Powder Company v. Wolf,145 Miss. 388, 110 So. 842; McTighe, Hughey McTighe v. Johnson,114 Miss. 862, 75 So. 600; 25 C.J. 186; 35 C.J.S., Explosives, Sec. 5, and other authorities. *Page 132 
It should be observed that the authorities are somewhat in conflict as to whether or not an injured plaintiff must have been attracted to a place in question by the instrumentality by reason of which he sustained his injury; and that the trend of the decisions in this Court has been rather to limit than to extend the Attractive Nuisance Doctrine. (Hn 4) And we are unable to agree with the argument on behalf of the appellant that the plaintiff should be denied a recovery in this case on the ground that he was either a trespasser on the premises of the defendant, or was guilty of a willful wrong in removing the shell from the pace on the right of way where it was found and in taking it to his home. The plaintiff was entitled to assume that these shells had been thrown onto the right of way and abandoned by their owner, and was not guilty of any willful wrong or criminal offense in picking up the shells on the street and carrying them away.
(Hn 5) Finally, it should be said that the operator of the junk yard admitted that he knew that these shells were dangerous and the proof shows that up until the month of May prior to the plaintiff's injury in September he had an employee whose duty it was to see to it that these shells which were brought along with other junk from Camp Shelby were done away with, and the jury was entitled to find from the evidence that the defendant was negligent in not continuing the practice of seeing to it that these shells were not left exposed, either on his premises or in close proximity thereto, through any fault of his own.
For the reasons hereinbefore set forth, we have concluded that the Court should adhere to the former decision rendered herein, and that the Suggestion of Error should therefore be overruled.
Suggestion of error overruled. *Page 133