Jim W. TINDALL, Jr., a Minor by His Father and Next Friend, Jim W. TINDALL, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. GC 87–5–D–O.

United States District Court, N.D. Mississippi, Greenville Division.

July 17, 1989.

See also, 661 F.Supp. 1159.

**62.** *Id.,* 627 F.2d at 723; *Thibodeaux v. Texas Eastern Transmission Corp.,* 548 F.2d 581 (5th Cir.1977).

W.S. Stuckey, Jr. and Arnold F. Gwin, Greenwood, Miss., for plaintiff.

Daniel R. Unumb and Veronica P. Longstreth, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

This action, claiming damages resulting from the detonation of an explosive device, comes before the court on the defendant's motion to dismiss or for summary judgment. Defendant questions this court's jurisdiction to hear the instant action, Federal Rule of Civil Procedure 12(b)(1); the claim is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, and defendant's claim fails to come within the FTCA's limited exception to sovereign immunity. Defendant also moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or alternatively for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff concedes the following: (1) the FTCA applies only to negligence actions, and does not waive immunity from actions for strict liability and tort; (2) a federal statute or regulation cannot furnish a cause of action under the FTCA, but that the duty owed by the federal agency must be one which it shares with "private citizens" and must be imposed by applicable state law; and (3) the law of the State of Mississippi governs this action.

On the question of subject matter jurisdiction, the only issue before the court is whether a private person—acting as has the Bureau of Alcohol, Tobacco and Firearms in the situation at issue herein— "would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). More narrowly, defendant argues solely that Mississippi law imposes no duty on the Bureau of Alcohol, Tobacco and Firearms, with regards to the device at issue, toward the plaintiff. "The existence of a legal duty is a question of law, but the breach of that duty—negligence—is a question of fact." *Garza v. United States,* 809 F.2d 1170 (5th Cir.1987) (citations omitted). If, indeed, defendant owed no duty to the plaintiff herein, plaintiff's claim of negligence would fail, and this court would be constrained to dismiss the instant action for failure of subject matter jurisdiction, as the claim would then be outside the scope of the FTCA's exception to sovereign immunity.

The United States Bureau of Alcohol, Tobacco and Firearms (ATF) confiscated a quantity of "M–80" and "M–100" explosives. ATF transferred a portion of these explosives to the Stuttgart, Arkansas office of the United States Fish and Wildlife Service. That office delivered 1500 M–

100's to the Mississippi Game and Fish Commission, which apparently distributed the explosives among the area managers and game wardens. Mr. Kerr, an area manager in the employ in the State of Mississippi Department of Wildlife Conservation, received a small number of M–80's from his supervisor and stored them in a metal shed behind his home. During the month of July 1984, Mr. Kerr's nephew, Bill Gardner, Jr., visited his uncle and took several of the devices from his uncle's shed without his uncle's knowledge or permission. Bill gave one of the M–80's to his younger brother, Michael. Some time in early August 1984, Michael gave the M–80 to his friend, Jim Tindall, Jr., the plaintiff herein, who was 14 years old at the time. Jim kept the firework at his home. On the evening of August 16, 1984, Jim began to play with the device. He was showing the device to another friend, Michelle Atkinson, and was pretending to light it with a Bic cigarette lighter. The plaintiff unintentionally lit the fuse, unsuccessfully tried to snuff it out with his fingers, and then ran through the house in an effort to throw the device outside. The M–80 exploded in his hands before he got outside.

■ It is notable that the explosive device was in the possession of an official of the State of Mississippi when it was taken by a member of the general public; no duty on the part of a federal agency to properly store or handle the explosives is at issue in the instant cause, nor the other duties placed on one in *possession* of such material. *See Shemper v. Cleveland,* 51 So.2d 770 (Miss.), amended 212 Miss. 113, 54 So.2d 215 (1951) (duty to handle and manage explosives non-negligently); *Hercules Powder Co. v. Williamson,* 145 Miss. 172, 110 So. 244 (1926); *McTighe v. Johnson,* 114 Miss. 862, 75 So. 600 (1917). Any claims under this theory, therefore, fall outside the exceptions of the FTCA and are thus barred by sovereign immunity.

■ Plaintiff's complaint further alleges that the Bureau of Alcohol, Tobacco and Firearms negligently distributed the explo-

sives; ATF distributed the explosives to the United States Fish and Wildlife Service, which in turn distributed the explosives to an agency of the State of Mississippi.[1] Defendant's duty, however, would only run to those persons who would foreseeably be affected thereby. Plaintiff is not among those. Defendant had no duty that is implicated by the facts of the case before us which ran to the plaintiff to distribute the devices non negligently. As a matter of common sense, plaintiff may not establish a cause of action by citing abstract duties unrelated to the facts of the case at bar. Any claim on this theory in the instant case is barred by the doctrine of sovereign immunity.

■ Finally, plaintiff alleges that defendant had a duty to adequately warn the general public of the dangerous nature of the explosives involved. Again, defendant's duty ran to those foreseeably affected. *See, e.g., Helene Curtis v. Pruitt,* 385 F.2d 841 (5th Cir.1967) (product marketed for professional use, no duty to warn general public). Both federal agencies involved herein transferred the explosives to another governmental agency who understood the properties of the devices, and were experienced in their use and handling. It was intended that the devices would be utilized solely by government officials, not by the general public. It has been held that Mississippi would apply Section 388 of the Restatement (Second) of Torts with respect to a supplier's duty to warn. *Gordon v. Niagara Machine and Tool Works,* 506 F.2d 419, 422 (5th Cir.1974). Section 388 provides that:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier (a) knows or has reason to know that the chattel is or is likely to be dan-

---

**1.** The court does not here rule *impossible* proof of a cause of action for negligent distribution

merely because distribution of an ultrahazardous instrumentality is made to a state agency.

gerous for the use for which it is supplied, and (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

In comment (a) to Section 388, the drafters expressed the opinion that "the rule stated in this section has been applied only in favor of those who are injured while the chattel is being used by the person to whom it is supplied or with his consent. In all probability, the rule stated would not apply in favor of a thief of the chattel, or one injured while the thief is using it." Further, in comment (e), the drafter stated that:

The liability stated in this section exists only if physical harm is caused by the use of the chattel by those for whom the chattel is supplied.... The one who supplies a chattel for another's use is not subject to liability for bodily harm caused by its use by a third person without the consent of him for whose use it is supplied. This is true although the chattel is one of a sort notoriously likely to be so used.

Thus, plaintiff's claim for negligent failure to warn is barred by sovereign immunity.

As each of plaintiff's claims is barred by the doctrine of sovereign immunity, outside the exceptions of the FTCA, the court is constrained to dismiss plaintiff's cause of action. While the court does not here reach defendant's further motions, nor consider here the merits of plaintiff's claims, it should be noted that the analyses relied on herein would apply as well to plaintiff's claims in a consideration of defendant's motions pursuant to Federal Rule of Civil Procedure 12(b)(6) and 56.

An order in conformity herewith shall issue.