**Jim W. TINDALL, Jr., A Minor by his Father and Next Friend, Jim W. TINDALL, Plaintiff–Appellant**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 89–4608.

United States Court of Appeals, Fifth Circuit.

May 10, 1990.

prior to the filing of the Rule 10(b)(5) common law fraud, and negligent representation claims).

Arnold F. Gwin, W.S. Stuckey, Jr., Greenwood, Miss., for plaintiff-appellant.

Daniel Unumb, Civ.Div., Torts Branch, U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before WISDOM, POLITZ, and JOHNSON, Circuit Judges.

PER CURIAM:

The plaintiff in this negligence suit under the Federal Tort Claims Act appeals the district court's dismissal of his case for lack of subject matter jurisdiction. Because we find that the defendant owed no actionable duty to the plaintiff, we affirm the judgment, although we do so on an alternate ground.

I

Jim W. Tindall, Jr. severely injured his left hand when he unintentionally lit an M–80 explosive. An M–80 explosive is similar in appearance to an ordinary firecracker, although it is somewhat larger. Its explosive potential, however, is many times that of a firecracker. The plaintiff was fourteen years old at the time of the accident and in his home with a friend. He had intended merely to simulate lighting the device to tease his friend, but the cigarette lighter he was using set off the fuse. He was unable to snuff out the fuse or to throw the device outside before it exploded in his hand.

At one time the United States had possession of a quantity of M–80s from which the device in question came but the journey of the explosives from the government's possession to the plaintiff's was a long one. Agents from the Bureau of Alcohol, Tobacco, and Firearms (ATF) seized a quantity of M–80s in Ohio in November 1979. ATF then notified the General Services Adminis-

tration (GSA) that the property was available for the use of other federal agencies. Upon learning this, the United States Fish & Wildlife Service (USFWS) filed an application for transfer of the explosives. In September 1981, GSA authorized the transfer to USFWS for "[o]fficial use within the Division of Law Enforcement including undercover operations, depredation control and other related law enforcement activities".

When USFWS took possession of the M–80s, it transferred some of them to its office in Arkansas. In turn, that office sent 1500 devices to the Mississippi Game and Fish Commission.[1] This state agency divided the explosives among its area managers and game wardens. One recipient was John Kerr, a game warden. Kerr stored the devices in a metal shed behind his home. Without permission Kerr's nephew took a few M–80s from the shed and brought them home to Greenwood, Mississippi. The nephew gave one to his brother, and the brother gave it to the plaintiff. The plaintiff lit the device on August 16, 1984.

In March 1986, the plaintiff filed an administrative claim against ATF seeking $250,000. When his claim was denied, he brought suit against the United States under the Federal Tort Claims Act (FTCA). The complaint alleged liability based on the negligence of ATF in transferring the seized explosives to USFWS. The government moved for dismissal of the case based on the "discretionary function" exception to the FTCA. The district court dismissed the case, but this Court reversed and remanded the case for further proceedings.[1A] After the parties conducted discovery, the United States again moved for dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment under Rule 56. The court granted a 12(b)(1) dismissal on the grounds that ATF owed no actionable duty to the plaintiff under Mississippi law.[2]

## II

The Federal Tort Claims Act is a limited waiver of sovereign immunity that subjects the United States to liability to the same extent as a private party for personal injury or property loss caused by the negligence of its employees in the course and scope of their employment.[3] The court will examine the law of the state where the negligent act or omission occurs to determine liability.[4] The parties in this case agree that the law of Mississippi applies.

In reviewing a grant of summary judgment,[5] this Court uses the same criteria the district court uses. We affirm the ruling "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

1. The state obtained the devices by a cooperative agreement with USFWS. It used them to scare animals away from crop fields and other areas that need protection from animal depredation.

1A. *Tindall v. United States,* 843 F.2d 497 (5th Cir.1988) (table).

2. *Tindall v. United States,* 717 F.Supp. 446 (N.D. Miss.1989).

3. 28 U.S.C. § 1346(b). *See also United States v. Orleans,* 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976).
   Under the FTCA, the United States is not subject to liability under theories of strict liability. *Laird v. Nelms,* 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972).

4. 28 U.S.C. § 1346(b).

5. The district court dismissed the case on Rule 12(b)(1), lack of subject matter jurisdiction. In essence, the court ruled that there was no waiver of sovereign immunity because the plaintiff was unable to show the existence of a duty to him, a necessary element of a negligence claim under Mississippi law. We believe that a disposition on the merits is more appropriate here, as the question of subject matter jurisdiction and the merits of the dispute are intertwined. *Clark v. Tarrant County Texas,* 798 F.2d 736, 741–42 (5th Cir.1986). *See also Cole v. United States,* 755 F.2d 873, 877–78 (11th Cir.1985). Because the existence of the plaintiff's cause of action is inextricably bound with the issue of subject matter jurisdiction, this Court treats the dismissal as a grant of summary judgment. *Carpenters Local U. No. 1846 v. Pratt–Farnsworth,* 690 F.2d 489 (5th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983).

material fact and the moving party is entitled to judgment as a matter of law".[6]

■ On appeal, the plaintiff submits as the sole issue whether ATF "had a duty to the plaintiff, as a member of the general public, to place warnings on the M–80 explosive devices" distributed to USFWS. We answer that question in the negative, and affirm the judgment under Rule 56.

■ The question whether ATF owed a duty to warn of the dangerous nature of the M–80s is a question of law.[7] We hold that no such duty existed because the plaintiff was not an anticipated user of the devices.[8] On this point, we adopt the reasoning of the district court in this case:

> [P]laintiff alleges that defendant had a duty to adequately warn the general public of the dangerous nature of the explosives involved. Again, defendant's duty ran to those foreseeably affected. *See, e.g., Helene Curtis v. Pruitt*, 385 F.2d 841 (5th Cir.1967) (product marketed for professional use, no duty to warn general public). Both federal agencies involved herein transferred the explosives to another governmental agency who understood the properties of the devices, and were experienced in their use and handling. It was intended that the devices would be utilized solely by government officials, not by the general public. It has been held that Mississippi would apply Section 388 of the Restatement (Second) of Torts with respect to a supplier's duty to warn. *Gordon v. Niagara Machine and Tool Works*, 506 F.2d

419, 422 (5th Cir.1974). Section 388 provides that:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

In comment (a) to Section 388, the drafters expressed the opinion that "the rule stated in this section has been applied only in favor of those who are injured while the chattel is being used by the person to whom it is supplied or with his consent. In all probability, the rule stated would not apply in favor of a thief of the chattel, or one injured while the thief is using it." Further, in comment (e), the drafter stated that:

> The liability stated in this section exists only if physical harm is caused by the use of the chattel by those for whom the chattel is supplied.... The one who supplies a chattel for another's use is not subject to liability for

---

6. Fed.R.Civ.P. 56(c).

7. *Garza v. United States*, 809 F.2d 1170, 1172 (5th Cir.1987).

8. In addition to the state law negligence theories, the plaintiff charges that ATF violated a GSA regulation by the manner in which it transferred the explosives to USFWS. 41 C.F.R. § 101–43.315–5(h)(1) provides that:

> Any item of excess personal property having unsafe or dangerous characteristics must be rendered safe by the holding agency before shipment or pickup is made *or advice must be given the transferee regarding the actual or potential danger and the property clearly labeled to show its danger* (emphasis added).

The plaintiff and the defendant agree that a federal regulation cannot establish a duty owed to the plaintiff under state law. The FTCA's limited waiver of sovereign immunity does not apply "where the claimed negligence arises out of the failure of the United States to carry out a statutory duty in the conduct of its own affairs". *United States v. Smith*, 324 F.2d 622, 624–25 (5th Cir.1963). The United States may be held liable under the FTCA only when a private person would be liable to the plaintiff under applicable state law. The plaintiff is unable to show a state law duty owed to him; the alleged breach of the regulation cannot supply one.

bodily harm caused by its use by a third person without the consent of him for whose use it is supplied. This is true although the chattel is one of a sort notoriously likely to be so used.[9]

## III

In distributing the M–80 explosives to USFWS, ATF owed no duty to the plaintiff to print a warning on each device. The plaintiff did not receive the explosive that caused his injury from or with the consent of anyone in the legitimate chain of distribution of the devices, nor was he injured by a legitimate user's detonation of the device. Any warning necessary would be owed only to anticipated users of the devices. The plaintiff was not within that class of persons. AFFIRMED.

9. *Tindall,* 717 F.Supp. at 448–49.