**UNITED STATES of America, Plaintiff,**

v.

**Dr. Glossie M. JOINTER d/b/a Jointer and Associates and d/b/a Lucedale Foot Clinic, Defendant.**

**Civil A. No. 1:94cv171GR.**

United States District Court,
S.D. Mississippi,
Southern Division.

July 21, 1995.

Carlton W. Reeves, Daniel E. Lynn, U.S. Attorney's Office, Jackson, MS, for plaintiff.

David C. Frazier, Law Offices of David C. Frazier, Pascagoula, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

GEX, District Judge.

This cause is before the Court on defendant's motion for summary judgment [15–1]. After due consideration of the record in this cause, this Court finds that the motion is not well-taken and should be denied.

## Statement of Facts

Defendant Glossie M. Jointer is a physician and podiatrist, licensed by the State of Mississippi. Dr. Jointer provided services in nursing home facilities and in her clinics located in Moss Point and Lucedale, Mississippi. Based on the following factual allegations, the government filed a complaint under the False Claims Act, 31 U.S.C. §§ 3729–33, seeking, *inter alia*, a civil penalty of $330,000 for 33 false Medicare claims, damages for undetermined investigative costs, and treble damages pursuant to 31 U.S.C. § 3729(a).

The Office of Inspector General [OIG] of the Department of Health and Human Services [HHS], having received certain information from the Travelers Insurance Company [Travelers], began an investigation in March 1990 regarding potentially fraudulent claims submitted by Dr. Jointer for medical services. The government alleges that an audit conducted in November 1, 1990, of claims submitted to the Travelers for Medicare reimbursement revealed that Dr. Jointer had submitted claims for fourteen deceased patients and several claims for living patients who never received services. Compl., ¶ 11. The government alleges that it was later learned that Dr. Jointer had submitted claims for services purportedly rendered to 28 patients after their respective dates of death. *Id.* at ¶ 12; Exh. 1. The government further alleges that at least five other patients advised Travelers that they had not received services for which Dr. Jointer had submitted claims. *Id.* at ¶ 13; Exh. 2. The government contends, and Dr. Jointer essentially does not dispute, that the suspect claims were false. *Id.* at ¶ 14; *see* Pl.'s Mot. for Summ.J., at ¶¶ 1–2. The government asserts that, based on its investigation, it was able to prevent payment on the false claims, but that, as a consequence, all subsequent claims submitted by Dr. Jointer are reviewed by the HHS/OIG to prevent payment of any future false claims. *Id.* at ¶ 15.

## Standard of Review

The procedure providing for summary judgment is designed "to secure the just, speedy, and inexpensive determination

of every action." *See* FED.R.CIV.P. 1, 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (citation and internal quotation omitted); *see Berry v. Armstrong Rubber Co.,* 780 F.Supp. 1097, 1099 (S.D.Miss.1991), *aff'd,* 989 F.2d 822 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1067, 127 L.Ed.2d 386 (1994). However, summary judgment is not proper unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Tindall v. U.S.,* 901 F.2d 53, 55–56 (5th Cir.1990).

### Legal Analysis

■ To prevail under the False Claims Act, the government must prove that the defendant either knew it has submitted a false claim or that it "recklessly disregarded or deliberately ignored that possibility." *U.S. v. TDC Management Corp., Inc.,* 24 F.3d 292, 298 (D.C.Cir.1994). Under the original version of the Act, a person violated the provision if she, *inter alia,* "knowingly presents, or causes to be presented ... to an employee of the Government ... a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(1). In 1986 the Act was amended as follows to clarify the appropriate *mens rea:*

> **(b) Knowing and knowingly defined.—** For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to the information—
>
> (1) has actual knowledge of the information;
>
> (2) acts in deliberate ignorance of the truth or falsity of the information; or
>
> (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required.

31 U.S.C. § 3729(b)(1–3).[1]

Dr. Jointer contends that she had no actual knowledge of the falsity of the claims.

Pl.'s Mot. for Summ.J., at ¶ 2. She contends that, because she did not "knowingly" file the allegedly false claims, she could not be deliberately ignorant of the truth or falsity of the information. *Id.* Dr. Jointer further contends that "her actions were not in reckless disregard of the truth or falsity of the information." *Id.* Dr. Jointer relies solely on her deposition, wherein she testified that she had no "actual knowledge" of their falsity and that the claims were generated when the nursing homes provided her with incorrect Medicaid or Medicare numbers. *Id.*; Def's. Exh. A, at 2–4.

Dr. Jointer misstates the law. In addition to the clear mandate of the statute, the D.C. Circuit noted the following when faced with the question whether the pre-amendment version of the Act required actual knowledge:

> ... [T]he Act's broad, remedial purpose and civil as opposed to criminal nature persuade us that the statute's knowledge requirement has always encompassed more than "actual knowledge." To construe the Act more narrowly would readily permit parties to evade liability through deliberate ignorance or careless disregard of the accuracy and veracity of their claims. We do not believe Congress so intended. Accordingly, we hold that a party "knowingly" presented false or fraudulent claims to the government if he had "actual knowledge" or acted with "deliberate ignorance" or "reckless disregard" of the truth or veracity of his claims.

*TDC Management Corp., Inc.,* 24 F.3d at 297. The government correctly contends, *inter alia,* that actual knowledge is not required to recover under the False Claims Act. Pl.'s Mem. in Supp. of Resp. to Pl.'s Mot. for Summ.J., at 3–7. The government further contends that Dr. Jointer is not entitled to summary judgment because there remains material issues of fact that must be resolved by the trier of fact. *Id.* at 2–3; Pl.'s Exh. A.

---

1. Under the 1986 amendment, one who violates the False Claims Act "is liable ... for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages which the Government sustains because of the act of that person[.]" 31 U.S.C. § 3729(a). This subsection also contains a mitigating provision that does not apply on the facts before the Court.

■ This Court finds that summary judgment in favor of Dr. Jointer is clearly not appropriate. The Court further finds that, to the extent that Dr. Jointer's argument injects a requirement of actual knowledge or specific intent, it is legally frivolous. Stripped to its essence, Dr. Jointer's argument is an attempt to escape liability under her mistaken view regarding the *mens rea* requirement of the Act. Although section 3729 is not a strict liability statute, "knowing" is defined broadly therein to include even reckless disregard to the truth or falsity of the information. 31 U.S.C. § 3729(b)(3). At this juncture, Dr. Jointer has not established an absence of recklessness as defined by the statute. Nor has Dr. Jointer presented sufficient evidence to establish that she did not have actual knowledge or deliberate ignorance of the truth or falsity of the information in the Medicare claims. 31 U.S.C. § 3729(b)(2–3). Should the trier of fact determine that Dr. Jointer submitted the false claims in accordance with any of the levels of culpability set forth by § 3729(b)(1–3), the government may recover damages and civil penalties under the Act. The Court finds that, for reasons set forth in the above analysis, Dr. Jointer's motion for summary judgment should be denied.[2] It is therefore,

ORDERED AND ADJUDGED, that the defendant's motion for summary judgment [15–1] be, and is hereby, denied.

SO ORDERED AND ADJUDGED.

---

**2.** By raising several issues in its memorandum brief that do not fairly respond to Dr. Jointer's motion for summary judgment, the Court finds that the government has, to that extent, exceeded the scope of review for purposes of Rule 56. The Court need not address those issues at this juncture.