United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-31160
Conference Calendar

_____

HERMAN BUSTAMENTE,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-3717
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Herman Bustamente filed suit against the United States for
damages pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C.
§§ 2671-80, alleging that he received negligent medical treatment
at the New Orleans Veterans Administration Medical Center.  He
alleges that he contracted herpes from receiving blood infected
with the virus during heart surgery at the hospital in 1996.
Bustamente contends that the hospital was negligent based upon

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the doctrine of res ipsa loquitur. Bustamente appeals the district court's grant of summary judgment to the Government.

We review a grant of summary judgment de novo, using the same standard applicable in the district court. Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997). Under the FTCA, the United States is liable for its torts if a private person would be liable for the same act or omission under local laws. 28 U.S.C. §§ 1346(b), 2674; see Tindall v. United States, 901 F.2d 53, 55 (5th Cir. 1990). Because the alleged medical malpractice in this case occurred in Louisiana, Louisiana law controls. See Tindall, 901 F.2d at 55.

The only evidence offered by Bustamente as proof of the hospital's negligence are medical records from his treating physicians, and those records do not support his allegation that he contracted herpes from a blood transfusion. Consequently, Bustamente has failed to carry his burden of proving the hospital's negligence. See Boutte v. Jefferson Parish Hospital Service District No. 1, 807 So. 2d 895, 898 (La. App. 5 Cir.), writ denied, 813 So. 2d 1093 (La. 2002).

Bustamente's argument regarding res ipsa loquitur need not be considered because it is raised for the first time in his reply brief. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994). Even if the res ipsa loquitur theory were addressed, however, it would be found unconvincing. Bustamente's own evidence shows that the blood transfusion was not the probable

cause of his infection and that there were other equally plausible explanations for his condition.  See <u>Cangelosi v. Our Lady of the Lake Regional Medical Center</u>, 564 So.2d 654, 660 (La. 1990).

Accordingly, the judgment of the district court is hereby AFFIRMED.