United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10270
Summary Calendar

PRINCE S.J. WEBBER,

                                    Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS; DOES; GLEN FUTCH, MS Intern;
TRISTAN SOPHIA, MA Intern; STEVE RIOS, CC; ET AL.,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 6:03-CV-79-C
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

        Prince Webber, a federal prisoner, appeals the dismissal of

his complaint raising claims under, inter alia, Bivens v. Six Un-

known Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388

(1971); the First and Fifth Amendments; the Privacy Act, 5 U.S.C.

§ 552a et seq.; the Americans with Disabilities Act ("ADA"); and

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

1

the Federal Tort Claims Act ("FTCA"). The district court dismissed the complaint as frivolous and for failure to state a claim upon which relief can be granted.

Webber argues that the district court was precluded from dismissing by the law of the case doctrine because he originally filed the complaint in the District Court for the District of Columbia, where the case had already been screened. He also asserts that the dismissal denied his right to a jury trial. Webber had no absolute right to a jury trial, however, and the district court was permitted to dismiss the complaint at any time it determined the action was frivolous or failed to state a claim. See 28 U.S.C. §§ 1915(e)(2)(b), 1915A.

Webber states that the district court erroneously dismissed his Privacy Act claims, because the limitations period should have been tolled for the wilful or intentional misrepresentation of information and that all events occurring since July 16, 2000, are actionable. Webber's argument fails, because the district court applied the limitations period only to events occurring before July 4, 2000. Moreover, Webber fails to show error in the district court's conclusion that he did not show wilful or intentional action by the defendants. See 5 U.S.C. § 552a(g)(1)(4); Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998) (stating that a Privacy Act claim requires proof that defendants acted wilfully or intentionally), abrogated on other grounds by Booth v. Churner, 532 U.S. 731, 735 (2001).

2

Webber's claim concerning "psychological malpractice" is not a constitutionally cognizable claim, and he fails to show the defendants were deliberately indifferent to his need for treatment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). With the benefit of our liberal construction of his pleadings, Webber argues that the defendants violated the ADA, but his assertion is conclusional and inadequately briefed. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). His argument that the defendants discriminated against him is also conclusional and unavailing. See Kane Enters. v. Mac-Gregor (USA), Inc., 322 F.3d 371, 374 (5th Cir. 2003); Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995). Although Webber also contends that the defendants retaliated against him for filing administrative grievances, he has not alleged a chronology of events from which retaliation may plausibly be inferred. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (holding that prisoner must allege more than his mere subjective belief that defendant retaliated against him).

Webber next avers that the district court applied an incorrect choice of law to his FTCA claim. The court properly applied Texas law, however, because the law of the state in which the negligent act or omission occurred determines liability. See Tindall ex rel. Tindall v. United States, 901 F.2d 53, 55 (5th Cir. 1990); see also 28 U.S.C. § 1346(b)(1). Webber also argues that the district court

3

erred by ordering him to amend his complaint and by consolidating his claims. The order served to focus and clarify Webber's claims, which is proper under the screening function of §§ 1915A and 1915(e)(2)(b).

Finally, Webber urges that the district court failed to rule on his motion for recusal and that the judge is biased. The denial of the recusal motion was implicit in the entry of final judgment dismissing the complaint. See Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994). Webber has not shown that a reasonable person would harbor doubts about the judge's impartiality. See Levitt v. Univ. of Tex., 847 F.2d 221, 226 (5th Cir. 1988); 28 U.S.C. § 455.

AFFIRMED.