United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 05-30421

CLARA S. TONEY AND THOMAS E. TONEY,

Plaintiffs-Appellants

VERSUS

UNITED STATES OF AMERICA
DEPARTMENT OF THE ARMY,

Defendant-Appellee

Appeal from the United States District Court For the Western
District of Louisiana Lake Charles Division

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

Per Curiam:*

Plaintiffs-Appellants, Clara S. Toney and Thomas E. Toney, sued the United States Army under the Federal Tort Claims Act ("FTCA") for injuries sustained by Clara Toney in a food court at the government's Fort Polk military base. The plaintiffs appeal a

---

*Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

summary judgment rendered against them on the grounds that the district court erred in applying the Louisiana Merchant Liability Act ("LMLA") to their claim. We agree with the plaintiffs and, accordingly, vacate the judgment and remand this case to the district court.

I.

On June 19, 2000, Clara Toney went to Fort Polk to shop at the PX. She walked through the government's Burger King establishment on her way, which was busy at the time. She passed a trash can that had trays on top of it. A Burger King employee, Shandreika Shaw-Thomas (Shaw), was standing by the trash can. Ms. Toney admitted that she had plenty of room, approximately two-and-a-half to three feet, to go around Shaw. According to Ms. Toney, as she neared Shaw, seven or eight trays fell in her path. She stepped on the trays and fell to the floor, sustaining injuries.

Ms. Toney believed that the trays fell "by accident" and were not "purposefully" dropped by Shaw. Although she did not see Shaw do anything to cause the trays to fall, she testified that the only way the trays could have fallen would have been through action by Shaw. There were no other people in the area besides Shaw. Ms. Toney also testified that noone tried to hold or catch her while she was falling. In addition, her purse did not catch on anything or bump anything and no carts were present when she fell.

Shaw testified that she was working with a cart with food

2

trays at the time of Ms. Toney's accident. According to Shaw, the bottom corner of Ms. Toney's purse hit the trays and knocked them to the floor. Ms. Toney's feet never contacted any of the trays that fell. In addition, Shaw testified that Ms. Toney slid to the floor in a slow fashion as Shaw was picking up the trays.

Two other witnesses were deposed. Mary Anderson, the government's Loss Prevention Supervisor, testified that her attention was called to the fall by a loud noise. Anderson did not see the fall, but she did see Ms. Toney getting up from the floor into a chair.

Betty Baker, the manager of the food court, testified that an employee was emptying the trash can and was using a shopping cart to do so. According to Baker, this method had been used for many years without an accident. Her testimony indicated that some trays were sitting in the shopping cart at an angle, "in the area where you would sit a child," and the trays were stacked "kind of high." Baker testified that Ms. Toney told her that her purse strap "came into contact with the shopping cart" as she came around the trash can. Baker did not see Ms. Toney's purse catch the cart. She did see a couple of the trays fall out of the cart onto the floor. She then saw that the cart "rocked," and saw Ms. Toney "easing down." She took Ms. Toney's arm and helped her as she eased down onto the floor.

The defendant filed a motion for summary judgment, asserting

3

that, under applicable Louisiana law, the United States was not liable.  The district court granted the motion for summary judgment.  The plaintiffs now appeal.

## II.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 et seq., is a limited waiver of sovereign immunity that subjects the United States to liability to the same extent as a private party for personal injury or property loss caused by the negligence of its employees in the course and scope of their employment.  Tindall ex rel. Tindall v. United States, 901 F.2d 53, 55 (5th Cir. 1990).  The law of the state where the negligent act or omission occurs determines liability.  Id.  The parties agree that Louisiana law governs this action.

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 2552-2554, 91 L.Ed.2d 265 (1986); see also Fed. R. Civ. P. 56(c).  If the burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case.  Mississippi River Basin Alliance v. Westphal, 230 F.3d 170, 174 (5th Cir. 2000).  The non-movant may not rely on mere allegations in the pleadings; rather, the non-movant must respond

4

to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If no reasonable juror could find for the non-movant, summary judgment will be granted. <u>Mississippi River Basin</u>, 230 F.3d at 174. We review the district court's grant of summary judgment <u>de novo</u>, employing the same standards as did the district court. <u>In the Matter of Placid Oil Co.</u>, 932 F.2d 394, 396 (5th Cir. 1991).

## III.

The district court concluded that the United States was not liable pursuant to the Louisiana Merchant Liability Act ("LMLA"), LSA-R.S. 9:2800.6, which requires merchants to keep their premises free of hazardous conditions.[**] We are satisfied that this case is

---

[**]The LMLA provides in pertinent part:

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a <u>fall due to a condition </u>existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

5

not controlled by the LMLA but rather is governed by Louisiana's ordinary negligence principles.

The law of merchant liability found in LSA-R.S. 9:2800.6 is not the exclusive remedy of a plaintiff who is injured in an accident on a merchant's premises. See Crooks v. National Union Fire Insurance Co., 620 So. 2d 421, 424 (La. Ct. App. 3d Cir. 1993). Most of the jurisprudence applying part B of the LMLA involves hazards caused by spilled liquid or items temporarily present in an isle. See id.; see, e.g., Riolo v. National Tea Co., 726 So. 2d 515 (La. Ct. App. 5th Cir. 1999); White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 1997). When the accident is allegedly the result of a specific act on the part of a merchant, and not solely the result of a condition found on the premises, ordinary negligence principles apply. See id.

In Crooks v. National Union Fire Ins. Co., the plaintiff tripped over a vacuum cleaner hose an employee was using to clean the floor. As the plaintiff attempted to step over the hose which had been stretched across the aisle, she tripped and fell. The

---

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

LSA-R.S. 9:2800.6 (emphasis added).

6

plaintiff alleged that the employee pulled the hose just as she stepped over it, causing her to trip. The accident was allegedly the result of a specific act on the part of the merchant's employee, and not the result of a condition of the premises. Therefore, the <u>Crooks</u> court found that ordinary negligence principles applied. <u>Crooks</u>, 620 So. 2d at 424.

In <u>Terral v. Waffle House, Inc.</u>, 684 So. 2d 1165 (La. Ct. App. 1st Cir. 1996), the plaintiff suffered eye injuries when a glass container fell to the floor and shard glass struck the plaintiff in the eye. The plaintiff alleged, and the parties stipulated, that an employee of the defendant had dropped a glass sugar container on the floor, causing it to shatter. The court found that the stipulations were sufficient to establish <u>negligence</u> on part of the defendant. The court made no mention of the LMLA.

<u>Crooks</u> and <u>Terral</u> are analogous to the Toney's case. Ms. Toney seeks to impose liability upon the government based on the specific act of Shaw. She does not seek to recover for a condition of the premises. Therefore, Ms. Toney's claim does not fall squarely within the scope of the LMLA. Ordinary negligence principles apply.[***]

IV.

---

[***]The district court concluded that because this case is governed by the LMLA, the doctrine of <u>res ipsa loquitur</u> is inapplicable. We need not decide whether <u>res ipsa loquitur</u> ever applies in a LMLA case. Because this case is governed by ordinary negligence principles, <u>res ipsa loquitur</u> has potential application if the appellants establish the necessary factual predicates.

7

The district court rendered summary judgment for the defendant because the plaintiff could not create a genuine issue of material fact regarding Burger King's constructive notice of a hazardous condition under the LMLA.  For the reasons set forth above, we conclude that the LMLA is inapplicable and that the appropriate inquiry is whether the defendant was negligent according to ordinary negligence principles.  We therefore VACATE the judgment of the district court and REMAND the matter to the district court for further proceedings.

VACATED and REMANDED.