IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-30684
Summary Calendar

CLARA S TONEY; THOMAS E TONEY

Plaintiffs-Appellants

v.

UNITED STATES OF AMERICA,
on behalf of United States Department of Army

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CV-638

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Clara S. Toney and Thomas E. Toney appeal the district court's grant of summary judgment against them in this Federal Tort Claims Act (FTCA) suit. We VACATE and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

This suit arises from events that occurred on June 19, 2000, at Fort Polk, a United States Military Post.

Clara Toney testified that as she walked through the government's Burger King establishment, which was busy at the time, she passed a trash can that had trays on top of it. A Burger King employee, later identified as Shandreika Shaw-Thomas (Shaw), was cleaning around the trash can. According to Ms. Toney, as she neared Ms. Shaw, seven or eight food trays fell in her path, and she stepped on the trays and fell to the floor, sustaining injuries.

Ms. Toney believes and testified to the effect that the trays fell "by accident" and were not "purposefully" dropped by Ms. Shaw. Ms. Toney did not see Ms. Shaw handling the trays or doing anything to cause the trays to fall. But Ms. Toney nevertheless asserts that Ms. Shaw must have picked up the trays and caused them to fall, as no one else was in the area at the time of the accident. Ms. Toney also testified that her purse did not catch on anything or bump anything and that no carts were present when she fell.

Ms. Shaw testified that she was not handling the trays at the time of the accident but was working with a cart and that the trays were on top of the cart. According to Ms. Shaw, and contrary to Ms. Toney's testimony, the trays were on the cart at the time of the accident and the bottom corner of Ms. Toney's purse hit the trays and knocked them to the floor.

On March 29, 2005, the district court granted summary judgment against the Toneys. This court vacated and remanded the district court's grant of summary judgment, holding that the district court should have applied an ordinary negligence standard rather than the Louisiana Merchant Liability Act, LA. REV. STAT. § 9:2800.6. Toney v. U.S. Dept. of Army, 207 F. App'x 465 (5th Cir. 2006).

On June 27, 2007, the district court again granted summary judgment against the Toneys, finding that even under an ordinary negligence standard the Toneys had failed to present any evidence of a breach of a duty of care. Moreover, the district court found that the doctrine of res ipsa loquitur does not apply in this case. The Toneys now appeal.

II.

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); see also FED. R. CIV. P. 56(c). If the burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case. Miss. River Basin Alliance v. Westphal, 230 F.3d 170, 174 (5th Cir. 2000). The non-movant may not rely on mere allegations in the pleadings; instead, the non-movant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). If no reasonable juror could find for the non-movant, summary judgment will be granted. Miss. River Basin, 230 F.3d at 174. We review the district court's grant of summary judgment de novo, employing the same standards as did the district court. In re Placid Oil Co., 932 F.2d 394, 396 (5th Cir.1991).

III.

"The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003) (citing 28 U.S.C. §§ 1346(b)(1); 2674). In this case, Louisiana law controls because the incident occurred there.

The test for determining liability for negligent conduct has five elements: (1) that the defendant's conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (2) that the defendant had a duty to conform his conduct to a specific standard (the duty element); (3) that the defendant's conduct failed to conform to the appropriate standard (the breach element); (4) that the defendant's conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) that the plaintiff suffered actual damages (the damages element). See, e.g., Goins v. Wal-Mart Stores, Inc., 800 So.2d 783, 788 (La. 2001) (citing Perkins v. Entergy Corp., 782 So.2d 606, 611 (La. 2001)).

The district court found that the Toneys had failed to present any evidence of a breach of a duty of care and were therefore unable to raise a genuine issue of material fact as to the breach element of their claim.

It is true that the Toneys have not offered any direct evidence that the defendant breached its duty of care. The Toneys only assert, as noted above, that Ms. Shaw must have caused the trays to fall, as no one else was in the area at the time of the accident. The Toneys, then, rely entirely on the principle of res ipsa loquitur to establish the breach element of their claim. We will thus turn to consider whether the principle of res ipsa loquitur applies here. See Brown v. Olin Chem. Corp., 231 F.3d 197, 200-01 (5th Cir. 2000) (deciding, on motion for summary judgment, whether res ipsa loquitur applied); but see Smith v. Xerox Corp., 866 F.2d 135, 140 (5th Cir. 1989) (noting that "it is true that the applicability of the res ipsa loquitur doctrine must generally be determined after evidence has been heard at trial").

Under res ipsa loquitur, a defendant's negligence may be proved "by circumstantial evidence alone when that evidence establishes, more probably than not, that the injury was of a kind which ordinarily does not occur in the absence of negligence, that the conduct of the plaintiff or of a third person was

sufficiently eliminated by the evidence as a more probable cause of the injury, and that the indicated negligence was within the scope of the defendant's duty to the plaintiff." Brown, 231 F.3d at 200-01 (citing Cangelosi v. Our Lady of the Lake Reg'l Med. Ctr., 564 So.2d 654, 660 (La. 1990)); see also Linnear v. Centerpoint Energy Entex/Reliant Energy, 966 So.2d 36, 41-42 (La. 2007). The principle is employed "when the cause of the harm is obvious . . . ." Brown, 231 F.3d at 201.

Here, viewing the evidence in the light most favorable to the Toneys, we think they have shown that the injury suffered by Ms. Toney is of the type that ordinarily does not occur in the absence of negligence. See Johnson v. United States, 333 U.S. 46, 48 (1948) (applying res ipsa loquitur in a case involving a plaintiff who was hit on the head by a block that fell from the control of his coworker). Further, Ms. Toney alleges only she and Ms. Shaw were in the area of the trays, that she did nothing to cause the trays to fall, and that some act of Ms. Shaw must have. For the purposes of summary judgment, this testimony sufficiently eliminates the conduct of the plaintiff or of a third person as a more probable cause of the injury. Finally, the indicated negligence is clearly within the scope of the defendant's duty to the plaintiff.

Because the principle of res ipsa loquitur applies here, the Toneys are able to raise a genuine issue of material fact as to the breach element of their claim, and summary judgment is therefore precluded.

IV.

For the assigned reasons, we VACATE the grant of summary judgment and REMAND this case to the district court for further proceedings.