IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2008

Charles R. Fulbruge III
Clerk

No. 08-60265
Summary Calendar

CHARLES L. STRINGER

Plaintiff-Appellant

v.

KATHY B. FUNCHESS; GENEVA
LINDSEY; LENGELL WILLIAMS;
TAMMIE MACK; REGINA LAURY;
LORRAINE STEPHENS; UNKNOWN
OR; UNKNOWN APXICIL; DONALD
TAYLOR; CHARLES BARBOUR; DOUGLAS
ANDERSON; GEORGE SMITH; PEGGY
HOBSON CALHOUN; RONNIE CHAPPELL;
CITY OF JACKSON; SIDNEY JOHNSON;
CHARLES T. DAVIS; JOHN DOES

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-223

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff-Appellant, Charles L. Stringer ("Stringer"), appeals the district court's final judgment of dismissal, arguing that (1) the magistrate and district court judges should have been disqualified; (2) the Defendants-Appellees violated the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; (3) the district court erred in dismissing the complaint as frivolous; and (4) the magistrate judge failed to conduct an omnibus hearing. For the following reasons, we AFFIRM the district court's judgment.

I.    Factual and Procedural Background

Stringer brought this suit against several defendants under the ADA and 42 U.S.C. §§ 1983 and 1985. The crux of the complaint relates to Stringer's attempt to obtain more food stamps and grants for utility bills. Stringer alleged that certain defendants conspired to violate his civil rights and other defendants failed to write policies and procedures to prevent the conspiracy among defendants. Stringer requested, inter alia, that the district court "[i]ssue a Preliminary Injunction or a Temporary Restraining Order directing the defendants to pay the gas bill as they are already supposed to do!"

Stringer moved to recuse the magistrate and district court judges. Stringer stated several reasons for the recusal, including that neither judge "would be fair to any white person." The magistrate judge entered an order denying the motion seeking her recusal. The district court judge did not enter an order expressly addressing the motion seeking his recusal.

Stringer sought leave to proceed in forma pauperis. The magistrate judge granted the motion to proceed in forma pauperis and recommended that the complaint be dismissed as frivolous. The district court adopted the Report and Recommendation ("R &R") and entered a final judgment dismissing the action as frivolous. Stringer filed a motion for reconsideration of the judgment, and the

district court denied the motion for reconsideration. Stringer now appeals the judgment and orders denying the motions for recusal.[1]

## II.    Discussion

### A.  Motions to Recuse

Stringer filed motions to recuse both the district court judge and the magistrate judge pursuant to 28 U.S.C. §§ 144 and 455.  Both judges denied the motions to recuse, although the district court judge's denial was implicit in the final judgment dismissing the action.  See Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994); see also Webber v. Fed. Bureau of Prisons, 200 Fed. App'x 335, 337 (5th Cir. 2006) (unpublished) ("The denial of the recusal motion was implicit in the entry of final judgment dismissing the complaint.") (citation omitted).  We review denials of motions to recuse for abuse of discretion. Andrade v. Chojnacki, 338 F.3d 448, 454 (5th Cir. 2003).

Under § 455, a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  A judge must also disqualify himself under various circumstances enumerated in § 455(b).  See id. § 455(b).  Under § 144, a judge must reassign a case when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  Id. § 144; see Davis v. Bd. of Sch. Comm'rs, 517 F.2d 1044, 1051 (5th Cir. 1975) ("[T]he judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matters alleged.") (citations omitted).

---

[1] Stringer's notice of appeal does not mention the orders denying the motions for recusal, but we will review those orders as sufficiently related to the final judgment.  See Trust Co. of La. v. N.N.P. Inc., 104 F.3d 1478, 1485 (5th Cir. 1997) ("[A]n appeal from a final judgment sufficiently preserves all prior orders intertwined with the final judgment.").

The facts stated in Stringer's affidavits are not legally sufficient to support a recusal motion under either recusal statute. Therefore, the district court did not abuse its discretion by denying the motions to recuse.

B.    Dismissal

We review a district court's dismissal as frivolous for abuse of discretion. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). We find that Stringer's claims are legally frivolous, and the district court did not abuse its discretion. Stringer's remaining assignments of error are without merit. Accordingly, this appeal is dismissed. See 5TH CIR. R. 42.2.

III.    Conclusion

We AFFIRM the district court's final judgment, including the denial of Stringer's motions for recusal. Stringer also filed a motion for appointment of counsel, which is DENIED. This appeal is DISMISSED.