# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

m 02-30432

_____

KANE ENTERPRISES,

Plaintiff-Appellant,

VERSUS

**MacGREGOR (USA) Inc.**, ET AL

Defendants,

MACGREGOR (USA) INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____

February 27, 2003

Before SMITH, WIENER, and DEMOSS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Kane Enterprises ("Kane"), a commercial barge operator, appeals the dismissal, under FED. R. CIV. P. 12(b)(6), of its contract claims against MacGREGOR (USA), Inc., a naval contractor. Finding no error, we affirm.

I.

MacGREGOR contracted (the "prime contract") with the United States Navy to build and install large ramps on warships. The prime contract did not oblige MacGREGOR to post a performance or payment bond under the Miller Act, 40 U.S.C. § 270a *et seq.* MacGREGOR then subcontracted (the "subcontract") with Halter Marine ("Halter"), *inter alia*, to store the ramps and transport

them when the ships were ready for the ramps to be installed. Halter, in turn, sub-subcontracted (the "sub-subcontract") with Kane, a commercial barge operator, for delivery of the ramps.

The parties to these contracts by and large fulfilled their relevant obligations. The Navy received the ramps and paid MacGREGOR in full. MacGREGOR has paid Halter, except for a $150,000 retainage provided for by the subcontract. Kane fully performed its contractual obligation by delivering the ramps. Unfortunately for Kane, however, Halter filed for chapter 11 bankruptcy shortly after Kane had delivered the ramps; Halter therefore has not paid Kane the approximately $85,000 owed to Kane under the sub-subcontract.

Kane sued MacGREGOR in Louisiana state court for contractual damages. MacGREGOR removed to the United States District Court for the Eastern District of Louisiana based on diversity of citizenship and moved to dismiss for failure to state a claim upon which relief can be granted. The court granted the motion, reasoning that Kane sought to recover from the retainage, a right to payment that is property of the Halter bankruptcy estate and over which the United States District Court for the Southern District of Mississippi, the court in which Halter filed its petition, has exclusive jurisdiction under 28 U.S.C. § 1334(e).

## II.

We review *de novo* a dismissal under rule 12(b)(6), applying the same standards as did the district court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court must construe the complaint liberally in favor of the plaintiff and must take all facts pleaded as true. *Campbell v. Wells Fargo Bank*, 781

F.2d 440, 442 (5th Cir. 1986). Moreover, the court may not dismiss the complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). At the same time, a plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "We will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Id.* (citation omitted). Finally, the court may review the documents attached to the motion to dismiss, e.g., the contracts in issue here, where the complaint refers to the documents and they are central to the claim. *Id.* at 498-99

## III.

The district court believed that Kane merely sought to recover its contractual damages from Halter by claiming against the retainage owed to Halter by MacGREGOR. This interpretation of the complaint is understandable. As Kane stated in the district court, "Kane is pursuing an equitable lien claim against MacGREGOR such that MacGREGOR will be ordered to pay Kane from the $150,000 owed by MacGREGOR under the contract [with Halter]." The retainage due to Halter from MacGREGOR, however, is property of the Halter bankruptcy estate. 11 U.S.C. § 541; *In re Glover Constr. Co.*, 30 B.R. 873 (W.D. Ky. 1983). The district in which a chapter 11 petition is filed has exclusive jurisdiction over the property of the estate. 28 U.S.C. § 1334(e). Thus, the court properly dismissed the complaint, because the Southern District of Mississippi has exclusive jurisdiction over the retainage.

Kane has not appealed this aspect of the

ruling, but it objects that the court did not consider its other claims against MacGREGOR. Though we agree with MacGREGOR that Kane's complaint primarily seeks recovery from the retainage, we disagree that Kane's complaint did not present its other claims. We construe the complaint liberally and acknowledge that it fairly raises a claim for equitable lien, a third-party beneficiary claim under the prime contract, and a *quantum meruit* claim. Yet, none of these states a claim upon which relief can be granted. Thus, we affirm.[1]

First, Kane has not stated a claim for an equitable lien in any appropriate fund or property. An equitable lien is a "right . . . to have a demand satisfied from a *particular* fund or *specific* property." BLACK'S LAW DICTIONARY 934 (7th ed. 1999) (emphasis added); *see also Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 262-63 (1999) (describing the nature of an equitable lien). As we have explained, Kane cannot claim an equitable lien against the retainage in any court outside the Southern District of Mississippi, nor can it claim an equitable lien in the ramps, because they are now property of the United States,

and liens cannot attach to government property. *Blue Fox*, 525 U.S. at 264.

Kane also argues for a lien against the money already paid to MacGREGOR by the Navy, but Kane has not identified any legal or factual basis for such a lien. Kane cites only two cases, one of which, *Quality Mech. Contractors, Inc. v. Moreland Corp.*, 19 F. Supp. 2d 1169 (D. Nev. 1998), was effectively overruled by *Blue Fox*. The other, *Faerber Elec. Co. v. Atlanta Tri-Com, Inc.*, 795 F. Supp. 240 (N.D. Ill. 1992), stands for the unremarkable proposition that the Miller Act is not the exclusive remedy for a sub-subcontractor against a government contractor if other common law remedies exist.

Yet, Kane does not explain how it could possibly be entitled to an equitable lien against money paid to MacGREGOR by the Navy. Kane cites subcontract ¶ 2(e), but that paragraph merely allows MacGREGOR to withhold the retainage from Halter; it does not create a basis for an equitable lien. Kane also cites subcontract ¶ 7(b), but that paragraph obviously protects MacGREGOR from Halter's breach of the *subcontract*, not Kane from Halter's breach of the *sub-subcontract*. Kane cursorily cites several other equally irrelevant paragraphs to similar effect.

Second, Kane has not stated a claim as a third-party beneficiary to the prime contract. "A contracting party may stipulate a benefit for a third person called a third party beneficiary." LA. CIV. CODE ANN. art. 1978.[2] "Louisiana law is settled that for there to be a stipulation *pour autrui* there must be not only a third-party advantage, but the benefit derived

---

[1] MacGREGOR observed, in its opening brief, that the United States, which Kane attempted to join as a defendant, might remain a party in the district court. If true, this fact would have deprived us of appellate jurisdiction, because Kane did not obtain a certificate under FED. R. CIV. P. 54(b). After supplemental briefing, however, we conclude that Kane never properly served the United States under FED. R. CIV. P. 4(i). For purposes of appellate jurisdiction, we treat an improperly served defendant as never before the district court. *Ins. Co. of N. Am. v. Dealy*, 911 F.2d 1096, 1099 (5th Cir. 1990). Thus, the district court's order was an appealable final judgment for which Kane did not need a rule 54(b) certificate.

---

[2] The parties have assumed throughout that Louisiana law governs this case.

3

from the contract by the third party may not merely be incidental to the contract." *Davis Oil Co. v. TS, Inc.*, 145 F.3d 305, 311 (5th Cir. 1998) (citation omitted). Further, the stipulation "will be found only when the contract *clearly* contemplates the benefit to the third person as its condition or consideration." *Id.* (citation omitted). The contract need not expressly identify the third person, however, if the contract plainly contemplates a benefit to a third person. *Id.*

Under these Louisiana standards, Kane does not qualify as a third-party beneficiary to the prime contact's transportation clauses. The prime contract simply states that Mac-GREGOR will ship the ramps via "commercial barge." This clause hardly manifests a plain intent to make into a third-party beneficiary an unspecified barge operator several steps down the contracting chain.

The clause does not even mention payment to the operator. The surrounding clauses, which state other modes of transportation for other goods, further support this reasoning. If Kane is a third-party beneficiary under the commercial barge clause, then other shipping companies would become third-party beneficiaries to those clauses. Kane's implausible argument would erase Louisiana's distinction between intended and incidental benefits and would create dozens of third-party beneficiaries under the prime contract.[3]

Finally, Kane has not stated a *quantum meruit* claim against MacGREGOR. "Quantum meruit is an equitable remedy founded upon the principle that no one who benefits from the labor . . . of another should be unjustly enriched at the other's expense. The doctrine operates, in the absence of a specific contract, to infer a promise on behalf of the person to whom the benefit is conferred to pay a reasonable sum for the services or materials furnished." *Brankline v. Capuano*, 656 So. 2d 1, 5 (La. App. 3d Cir. 1995); *accord McCarty Corp. v. Pullman-Kellogg, Div. of Pullam, Inc.*, 751 F.2d 750, 760 (5th Cir. 1985). In other words, *quantum meruit* presupposes both the absence of an express contract and unjust enrichment of the defendant.

Neither element is present here. Kane has a specific contract with Halter. Kane may be displeased that Halter filed for bankruptcy, but its displeasure does not void the sub-subcontract, and does not allow it to sue MacGREGOR. Kane's remedy is a suit for breach of contract against Halter, not a *quantum meruit* claim against MacGREGOR.

Also, MacGREGOR was not unjustly enriched; it contracted with Halter, and both parties performed their obligations under the sub-contract. Halter may have been unjustly enriched by its failure to pay Kane under the sub-subcontract, but that cannot justify a *quantum meruit* claim against MacGREGOR.

The judgment is AFFIRMED. All requests for sanctions are DENIED.

---

[3] Kane also argues that it is a third-party beneficiary of the subcontract, but it does not specify which clauses of the subcontract confer this putative benefit. We therefore deem this argument waived for failure to brief it adequately. *See* FED. R. APP. P. 28(a)(9)(A).