United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 03-20050
Summary Calendar

_____

BEVERLY DICKERSON; ALITA CARTER;
LYDIA SAWUMNI-CRUSE; RITA GALVAN;
ALEXIS POWELL; LINDA REED;
VERA ROBINSON,

                                                                Plaintiffs - Appellants,

versus

PAUL O'NEILL, Secretary, Department of Treasury;
COLLEEN KELLEY, President, National Treasury
Employees Union,

                                                                Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
No. 01-CV-2968

_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

       Internal Revenue Service ("IRS") employees Dickerson, Carter, Sawumni-Cruse, Galvan,

Powell, Reed, and Robinson ("Employees") appeal from the district court's adoption of two sets of

magistrate recommendations dismissing all of their claims for breach of contract, discrimination under

_____

       [*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

Title VII, discrimination under the Rehabilitation Act, and discrimination under 42 U.S.C. § 1981 against the Secretary of the Department of Treasury and the union representing Employees. Finding no error, we affirm.

## I. STANDARD OF REVIEW

"This Court reviews dismissals for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) based on questions of law *de novo*." *Martinez v. Dep't of U.S. Army*, 317 F.3d 511, 512 (5th Cir. 2003)(citations omitted). We also review *de novo* a dismissal under FED. R. CIV. P. 12(b)(6), applying the same standard as did the district court. *Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). Under this standard, we may not dismiss a claim unless it appears beyond doubt that a plaintiff can prove no set of facts concerning the claim that would entitle her to relief. *Id.* (citations omitted).

## II. DISCUSSION

The district court properly adopted the magistrate's recommended dismissal of Employees' breach of contract claim against both Defendant-Appellee Kelley ("Kelley") and Defendant-Appellee O'Neill ("O'Neill") for lack of subject matter jurisdiction. The district court correctly interpreted the allegation that Kelley and O'Neill breached the Collective Bargaining Agreement ("CBA") as the equivalent of an allegation of a breach of the duty of fair representation under 5 U.S.C. § 7116. Accordingly, only the Federal Labor Relations Authority had jurisdiction to hear a claim based on that alleged breach. 5 U.S.C. § 7121(a)(1). The district court therefore lacked subject matter jurisdiction over this claim as to both Kelley and O'Neill.

The district court also properly adopted the magistrate's recommended dismissal of Employees' Title VII claim against Kelley for lack of subject matter jurisdiction. The statute on

which Employees relied, 42 U.S.C. § 2000e-16(c), governs suits in which "the head of the department, agency, or unit, as appropriate, shall be the defendant." Kelley is not the head of a department, agency or unit; the district court therefore lacked subject matter jurisdiction over this claim.

The district court correctly adopted the magistrate's recommendation that Employees' Title VII claims against O'Neill be dismissed for lack of subject matter jurisdiction. Generally, disputes arising under the terms of CBAs are to be resolved according to the grievance procedures outlined therein. 5 U.S.C. § 7121(a)(1). If an employee alleges discrimination in violation of both 5 U.S.C. § 2302(b)(1)[1] and the CBA, the employee "may raise the matter [of discrimination] under a statutory procedure or the negotiated procedure, but not both." 5 U.S.C. § 7121(d). Here, Employees chose to pursue two claims under Title VII, and one claim under the negotiated procedure. The district court had no subject matter jurisdiction over the claim of denial of compensation for higher grade work because this was pursued through negotiated procedure, and a final decision was not appealed to the Equal Employment Opportunity Commission ("EEOC ").

In order to state a cognizable Title VII claim, Employees must first exhaust administrative proceedings with the EEOC. *See, e.g.*, *Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir. 1990) (holding that "plaintiffs in Title VII action who seek EEOC review of the decision of whatever initial agency denied their claim must complete the course of review by the EEOC before filing a civil action"). Because only two of Employees' claims – the union's failure to pursue arbitration and the

---

[1]5 U.S.C. § 2302(b) states in pertinent part: "Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority--(1) discriminate for or against any employee or applicant for employment--(A) on the basis of race, color, religion, sex, or national origin, as prohibited under section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16)."

alleged threatening statements made by union officials – were exhausted through proper EEOC channels, those are necessarily the only two claims potentially covered by Employees' Title VII argument. Even as to the two exhausted claims, however, the district court had no subject matter jurisdiction, as the claims do not fall under the limited definition of "personnel action" under 5 U.S.C. § 2302(a)(2).

The district court properly adopted the magistrate's recommended dismissal of Employees' Rehabilitation Act claim against Kelley for lack of subject matter jurisdiction. Employees alleged that 29 U.S.C. § 794 conferred jurisdiction on the district court over a discrimination claim against Kelley. The statute in question only protects individuals with disabilities from discrimination by "any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). Because Kelley and the union do not receive any federal financial assistance and are not part of an executive agency, they are not covered by the statute, and the district court had no subject matter jurisdiction over this claim.

Finally, the district court correctly adopted the magistrate's recommendation of dismissal of Employees' 42 U.S.C. § 1981 claim for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). Section 1981 states that all persons shall have the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property. . . and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." In order to prevail on a § 1981 claim in this Circuit, Employees must have alleged facts in suppport of the following elements: "(1) the plaintiff[s] [are] [] member[s] of a racial minority; (2) an intent to discriminate on the basis of race by the defendant[s]; and (3) the discrimination concerns one or more of the enumerated

4

activities in the statute." *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994). Further, this Court will not accept as true conclusory allegations without specific facts. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Employees at no time alleged facts to support the conclusory statement that Kelley and the union intended to discriminate against them on the basis of race. Because of this deficiency, Employees' § 1981 claim was properly dismissed for failure to state a claim on which relief can be granted.

## III. CONCLUSION

For the stated reasons, the judgment of the district court is AFFIRMED.