United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-61077
Summary Calendar

_____

RUSSELL KEITH HILL,

                                        Plaintiff-Appellant,

versus

MISSISSIPPI BOARD OF CERTIFIED COURT REPORTERS; FIRST
JUDICIAL DISTRICT OF MISSISSIPPI; LUTHER T. BRANTLEY, As
Executive Director of Mississippi Commission on Judicial
Performance,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CV-596
---------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:*

    Russell Keith Hill, Mississippi prisoner # L3506, appeals
the dismissal of his 42 U.S.C. § 1983 complaint for failure to
state a claim upon which relief could be granted pursuant to 28
U.S.C. § 1915(e)(2)(B)(ii).  He argues that the district court
erred in construing his requests for injunctive and declaratory
relief as unexhausted requests for habeas relief and,
additionally, that the district court erred in dismissing his

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims for monetary damages pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), without first affording him the opportunity to amend his complaint.

Assuming arguendo that the district court erroneously construed Hill's claims as implicating the validity of his conviction and challenging the fact of his confinement, the court's ultimate dismissal of his complaint for failure to state a claim was not error. None of the acts of the defendants as alleged by Hill involved the violation of a constitutional right, and, therefore, he has failed to state a § 1983 claim. See Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). Hill's proposed amendment to his complaint fails to cure this deficiency. See Kane Enters. v. MacGregor (USA), Inc., 322 F.3d 371, 374 (5th Cir. 2003).

We therefore affirm on alternative grounds the dismissal for failure to state a claim. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992). The district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Hill is CAUTIONED that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.