United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

---

No. 05-10404
Summary Calendar

---

PRINCE S.J. WEBBER,

Plaintiff-Appellant,

versus

BUREAU OF PRISONS; FEDERAL PRISON INDUSTRIES, Unicor; JOHN
ASHCROFT, U.S. ATTORNEY GENERAL, Official and Individual Capacities;
KATHLEEN M. HAWK-SAWYER, Director, Federal Bureau of Prisons,
Official and Individual Capacities; WILLIAM CHENERY, Official and
Individual Capacities; HARRELL WATTS, NIA Central Office, Official
and Individual Capacities; RONALD G. THOMPSON, SCR Director,
Official and Individual Capacities; RALPH J. PAYNE, Warden Federal
Correctional Institution Big Springs (Official and Individual
Capacities); TIM BROWDER, Superintendant FPI, Official and
Individual Capacities; GENE AIELLO, SOI FPI Official and Individual
Capacities; LARRY BARNES, Factory Manager FPI, Official and
Individual Capacities; CARLA GRESSETT, Support Services Manager,
Official and Individual Capacities; RODNEY NEWELL, Corrections
Counselor, Official and Individual Capacities; JOHN DOE, Official
and Individual Capacities; JANE DOE, Official and Individual
Capacities,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
(1:03-CV-193)

---

Before DAVIS, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prince S.J. Webber, federal prisoner #04349-000, appeals, *pro se*, the dismissal of his civil-rights complaint filed pursuant to **Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), seeking approximately $1.7 million in damages. Webber contends the district court erroneously dismissed as frivolous and for failure to state a claim upon which relief could be granted his claims that the defendants: violated the Federal Tort Claims Act (FTCA) by sanctioning him with the loss of his prison job in disciplinary proceedings; discriminated against him based on his race by denying him the opportunity to apply for a scholarship; and retaliated against him in violation of his First Amendment rights by instituting disciplinary proceedings after he filed administrative grievances. He also challenges the constitutionality of 28 U.S.C. § 1915A (directing court to screen before, or shortly after filing, prisoner actions against government and dismiss if fails to state a claim or lacks merit).

A prisoner's claim shall be dismissed if it is frivolous or if it fails to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). We review for abuse of discretion the dismissal of a prisoner's complaint as frivolous. **Berry v. Brady**, 192 F.3d 504, 507 (5th Cir. 1999). We review *de novo* a dismissal for failure to state a claim. **Id**.

Webber's FTCA claim fails because: he did not articulate an FTCA claim in his complaint; and he did not seek to hold liable the

2

United States, the proper defendant for such an action.  *See* 28 U.S.C. § 1346(b); ***Atorie Air, Inc. v. Fed. Aviation Admin.***, 942 F.2d 954, 957 (5th Cir. 1991) (stating all FTCA actions must be brought against the United States).

Webber's discrimination claim is also unavailing.  To state a racial-discrimination claim under the Equal Protection Clause, Webber "must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race". ***Coleman v. Houston Indep. Sch. Dist.***, 113 F.3d 528, 533 (5th Cir. 1997).  Webber's allegations of discrimination in the scholarship process were conclusory, and the district court did not err in dismissing his equal protection claims.  *See* ***Kane Enters. v. MacGregor (USA) Inc.***, 322 F.3d 371, 374 (5th Cir. 2003).

Webber's retaliation claim also lacks merit because he has not presented any direct evidence of retaliatory motivation, nor has he alleged a chronology of events from which retaliatory motivation for the disciplinary proceedings may be plausibly inferred.  *See* ***Woods v. Smith***, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996); *see also* ***Johnson v. Rodriguez***, 110 F.3d 299, 310 (5th Cir.)(prisoner must allege more than mere subjective beliefs that a defendant retaliated against him), *cert. denied*, 522 U.S. 995 (1997) .

Webber's claim that the screening proceedings of 28 U.S.C. § 1915A are unconstitutional lacks merit.  *See* ***Martin v. Scott***, 156

F.3d 578, 580 n.2 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (1999).

**AFFIRMED**