# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

13-30812
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2014

Lyle W. Cayce
Clerk

CYNTHIA GILLIE,

Plaintiff - Appellant

v.

THE LOUISIANA DEPARTMENT OF STATE CIVIL SERVICE; THE LOUISIANA DEPARTMENT OF CHILDREN AND FAMILY SERVICES; THE LOUISIANA DEPARTMENT OF CHILD SUPPORT ENFORCEMENT; SHANNON TEMPLET, Director of Louisiana Department of State Civil Service, officially and in her individual capacity; RUTH JOHNSON, Secretary of Louisiana Department of Children and Family Services, officially and in her individual capacity; LISA ANDRY, Manager of Louisiana Department of Child Support Enforcement, officially and in her individual capacity; ROBBIE ENDRIS, Director of Louisiana Department of Child Support Enforcement, officially and in her individual capacity; CHRISTINE LOWE, Human Resource Supervisor, officially and in her individual capacity; WANDA RABER, Director of Human Resources, officially and in her individual capacity; SHELLY JOHNSON, Human Resource Specialist, officially and in her individual capacity; BOBBY JINDAL, Louisiana Governor, officially and in his individual capacity,

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-262

No. 13-30812

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Cynthia Gillie appeals the district court's grant of the Defendants' motion to dismiss her claims under the Age Discrimination in Employment Act ("ADEA"), Title VII, and the Family Medical Leave Act ("FMLA"). We AFFIRM.

## I. Background

Gillie was an employee at the Louisiana Department of Child Support Enforcement. A supervisor requested that Gillie deliver a termination letter to an employee's home, and Gillie refused. She alleges that after refusing to deliver the letter, her supervisor began to avoid her and refused to speak with her. A few months later, Gillie received complaints in her performance plan review and was transferred to the Department of Children and Family Services Central Human Resources ("DCFSHR") following a re-organization of her department. Gillie claims that she was not given proper training for her new position. She received a "needs improvement" on her performance plan review from the DCFSHR.

That same year, Gillie's physician ordered her to spend three weeks on bed rest for diabetic ulcers on her feet. Gillie went on medical leave and began applying for extended leave under the FMLA. One week later, Gillie's supervisor notified her that she was being terminated pursuant to a governor-sponsored layoff plan due to budget cuts. Her supervisor further informed her that she was ineligible for rehiring due to her recent performance plan review rating. Later, co-workers informed Gillie that the governor-sponsored layoff

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plan was never approved, and performance ratings were not a basis for the layoffs.

Gillie filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"), and she was given notice that she had a right to sue under Title VII. Gillie filed this suit, and the Defendants filed an unopposed motion to dismiss, which the district court granted. Gillie timely appealed.

## II. Discussion

We review a district court's grant of a motion to dismiss *de novo*. *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a *pro se* plaintiff is held to less stringent standards than lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation and internal quotation marks omitted).

Gillie asserts that she was terminated on account of her race, sex, and color in violation of Title VII, but her complaint does not set forth any factual allegations to support her claims. She does not allege that her position was filled by an individual outside her class or that she was treated less favorably, which is required to establish a prima facie discrimination case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Her assertion of discrimination is a legal conclusion that is not sufficient to withstand a motion to dismiss. *See Iqbal*, 556 U.S. at 678–79. Gillie's ADEA claim suffers the same flaw: she does not allege that she was terminated as a result of her age or that she was replaced by someone younger. *See Jackson v. Cal-W.*

*Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (ADEA claims require a showing that, *inter alia*, the plaintiff was "replaced by someone younger, or [ ] otherwise discharged because of [her] age"). Thus, the district court properly dismissed Gillie's Title VII and ADEA claims.

Gillie's claim for retaliation under the ADEA fails because she does not allege facts sufficient to establish that she participated in statutorily protected activity, which she must show to establish a prima facie case. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1092 (5th Cir. 1995). Gillie's retaliation claim hinges on her allegation that her refusal to deliver a termination letter triggered retaliatory acts. However, refusal to deliver a termination letter is not a statutorily protected activity.[1] Thus, the district court properly dismissed Gillie's retaliation claim. [2]

Finally, the district court properly dismissed Gillie's FMLA claim. To make an FMLA claim, Gillie must allege facts demonstrating, *inter alia*, that her leave was interfered with or that she was denied restoration to her position pursuant to valid FMLA leave. *See* 29 U.S.C. § 2614(1); *see also Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 580 (5th Cir. 2006). Gillie's complaint merely contains conclusory statements, without any facts alleged, that her entitlement to take leave was interfered with and that she was denied restoration following valid FMLA leave, which is not sufficient to defeat a motion to dismiss. *See Iqbal*, 556 U.S. at 678–79.

AFFIRMED.

---

[1] While her EEOC complaint would be a statutorily protected activity, it was not filed until after the facts giving rise to the retaliation claim.

[2] On appeal, Gillie raises for the first time a claim of First Amendment retaliation. "We do[ ] not review issues raised for the first time on appeal." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).