# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

No. 14-60339
Summary Calendar

CHARLES TORNS, JR.; CHRISTOPHER B. TORNS,

Plaintiffs - Appellants

v.

CITY OF JACKSON; JACKSON MISSISSIPPI POLICE DEPARTMENT, (JPD); REBECCA COLEMAN, Chief for The City of Jackson, Mississippi Police Department; PIETER TEEUWISSEN, City Attorney for The City of Jackson and Mayor for the City of Jackson and JPD; DETECTIVE K. DEAR, Detective for the City of Jackson, (Narcotic Agent); OFFICER W. HORTON, Officer for the City of Jackson Police Department; HARVEY JOHNSON, JR., Mayor for the City of Jackson, Mississippi; JACKSON CITY COUNCIL BOARD MEMBERS; OTHER JOHN AND JANE DOES; LIABILITY AND INSURERS FOR EACH DEFENDANT,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-00045

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In this section 1983 case, the plaintiffs, Charles Torns, Jr., and Christopher B. Torns (the "Torns"), bring this pro se suit against several institutional and individual defendants.  The district court granted the defendants' motion to dismiss.  We affirm.

I.

The events underlying this suit occurred on August 23, 2011.  Charles Torns, Jr., received a call telling him that Jackson Police Department officers had detained several members of his family at a nearby apartment complex.  Mr. Torns, along with his son, Christopher B. Torns, went to the apartment complex.  They arrived and saw several police officers searching two of their family members.  According to their complaint, while attempting to determine what was going on, they were stopped by several police officers.  Officer Deer stopped both the plaintiffs "with his hand on his . . . service pistol," and Officer Horton "apprehended [and] hand-cuffed both the plaintiffs."  After the officers and the Torns exchanged words, Officer Horton placed the plaintiffs in his car and transported them to the Jackson Police Department.  They were released on their own recognizance early the next morning.  Both were summoned in December 2011, and charges were dismissed on April 30, 2012.

The Torns filed suit in state court, and the defendants timely removed. The defendants filed a motion to dismiss, which the district court granted without prejudice. It held that while the plaintiffs' current complaint was not sufficiently specific, it could not "conclude that the pleading defects are incurable."

The complaint was not amended, and this appeal follows.

II.

A.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on

No. 14-60339

its face.'"[1] We review the district court's grant of a motion to dismiss de novo.[2] There are three analytically separate claims: (1) those against Officers Deer and Horton, (2) those against the other individual plaintiffs, and (3) those against the Jackson municipal authority.

## B.

When government officials are suited for actions taken within the course of their official duties, the plaintiffs must confront the doctrine of qualified immunity, which protects officials from liability if there has been no clear constitutional or statutory violation.[3]

> We engage in a two-step analysis to assess a public official's claim of qualified immunity. "First we must determine whether the plaintiff has made a sufficient showing that the official violated a clearly established constitutional or statutory right. If the answer is in the affirmative, we then ask whether the official's actions were objectively reasonable in light of the clearly established right."[4]

To surmount this barrier at the motion to dismiss stage, the plaintiffs "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [they have] alleged and that defeat a qualified immunity defense with equal specificity."[5]

We agree with the district court that the plaintiffs' complaint is best read as leveling a false arrest or detention-without-probable-cause charge against Officers Deer and Horton. "The constitutional claim of false arrest requires a

---

[1] *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)).

[2] *Gillie* v. *La. Dept. of State Civil Serv.*, 559 F. App'x 333, 335 (5th Cir. 2014) (unpublished).

[3] *See, e.g., Pearson* v. *Callahan*, 555 U.S. 223, 231 (2009); *Harlow* v. *Fitzgerald*, 457 U.S. 800, 818 (1982).

[4] *Williams-Boldware* v. *Denton Cnty., Tex.*, 741 F.3d 635, 643 (5th Cir. 2014) (quoting *Foley* v. *Univ. of Hous. Sys.*, 355 F.3d 333, 337 (5th Cir. 2003)).

[5] *Backe* v. *LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

No. 14-60339

showing of no probable cause."[6]  "The Supreme Court has defined probable cause as the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'"[7]  This is necessarily a "fact-specific . . . inquiry,"[8] and the Court has cautioned that it requires an inquiry into the specific situation confronting the public officials.[9]

The problem is that in this case, we have very little facts: we know that the plaintiffs arrived during an active police search, were stopped by police officers, and were eventually arrested.  The complaint says little about the context or scope of the interactions between the Torns and the officers.  To defeat a qualified immunity claim, the plaintiffs must specifically plead facts that show that the officers lacked probable cause to detain them, and, without more, we cannot conclude that their complaint crosses this bar.

C.

The plaintiffs do not allege that Mayor Jackson, Police Chief Coleman, City Attorney Teeuwissen or the Jackson City Council Board Members personally took any action against them.  Their allegations against these individuals must be dismissed, as they have failed "to state a claim upon which relief can be granted."[10]  Inasmuch as they bring claims against these officials in their supervisory capacity, these claims fail as well.  In *Monell* v. *Department of Social Services of City of New York*, the Supreme Court held that the doctrine of *respondeat superior* does not apply to claims brought under

---

[6] *Club Retro, L.L.C.* v. *Hilton*, 568 F.3d 181, 204 (5th Cir. 2009).
[7] *Piazza* v. *Mayne*, 217 F.3d 239, 245-46 (5th Cir. 2000) (quoting *Michigan* v. *DeFillippo*, 443 U.S. 31, 37 (1979)).
[8] *Melear* v. *Spears*, 862 F.2d 1177, 1184 (5th Cir. 1989).
[9] *See Anderson* v. *Creighton*, 483 U.S. 635, 640-41 (1987).
[10] Fed. R. Civ. P. 12(b)(6).

No. 14-60339

section 1983.[11]  Instead, the supervisors must be directly involved in the allegedly improper conduct, which occurs "if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[12]  Here, the complaint pleads neither.

D.

Finally, the plaintiffs bring claims against the city, both directly and through its police department.

> It is well established that a city is not liable under [section] 1983 on the theory of respondeat superior.  A municipality is liable only for acts directly attributable to it through some official action or imprimatur.  To establish municipal liability under [section] 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy.  A plaintiff must identify: (1) an official policy (or custom) of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom.[13]

The plaintiffs fail to plead any of these elements, and so this claim was properly dismissed.

III.

We AFFIRM the judgment of the district court.

---

[11] 436 U.S. 658, 692-93 (1978).

[12] *Thompkins* v. *Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

[13] *Valle* v. *City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (internal citations and quotation marks omitted).

5