GREENAWAY, JR., Circuit Judge, concurring in the judgment in part and concurring in part.
I agree with the majority that Local 74’s breach of contract claim fails. However, I write separately because I reach this conclusion on different grounds. Local 74 has failed to demonstrate that a valid contract existed between it and Local 313 as to the forwarding of deducted dues.[1]
The majority characterizes Local 74’s breach of contract claim as “alleging that Local 313 was in breach of the 2008 CBA.” Maj. Op. at 134. Accordingly, it proceeds to analyze whether Local 313 violated the CBA. In doing so, the majority overlooks both the language of Local 74’s Complaint and “ordinary principles of contract law.” Maj Op. at 135 (quoting M & G Polymers USA, LLC v. Tackett, — U.S. —, 135 S.Ct. 926, 933, 190 L.Ed.2d 809 (2015)).
Count I of the Complaint contains Local 74’s allegations with respect to its breach of contract claim. See App. 316. The Complaint alleges that Local 313 had an “agreement” with Local 74 to “forward dues and fees deducted from Local 74 members’ paychecks to Local 74.” Id. The Complaint further alleges that “Local 313’s departure from the longstanding practice of forwarding the appropriate amounts deducted from employee paychecks pursuant to their authorization and the collective bargaining agreement constitutes a breach of the agreement between the two labor organizations.” Id. (emphasis added).
The language of the Complaint makes clear that Local 74 is alleging the breach of an “agreement between [Local 313 and Local 74]” about the forwarding of deducted dues by Local 313 to Local 74 — not a breach of the CBA. The CBA is not an “agreement between [Local 313 and Local 74]” and does not address the forwarding of deducted dues by Local 313 to Local 74. In fact, the Complaint explicitly distinguishes between the CBA, which it states governs the deduction of dues by the employer, and the “agreement between [Local 313 and Local 74]” it alleges was breached, which it states governs the forwarding of those deducted dues by Local 313 to Local 74.[2]
*138 Nor could the Complaint properly invoke the CBA as the contract that was breached. Both the 2004 CBA and the 2008 CBA were signed only by the employer and Local 313, and, as such, Local 74 is not listed as a “party” to either CBAApp. 2, 26. As a non-party to the CBA, Local 74 plainly does not have standing to sue for breach of the contract unless it is a third-party beneficiary. See In re Stone & Webster, Inc., 558 F.3d 234, 241 (3d Cir.2009) (citing Guardian Constr. Co. v. Tetra Tech Richardson, Inc., 583 A.2d 1378, 1386 (Del.Super.Ct.1990)); 13 Williston on Contracts § 37:1 (4th ed.2015).
Thus, Local 74 argues, as it must, that it is a third-party beneficiary of the CBA. However, Local 74 has provided no argument in support of its purported third-party beneficiary status under the CBA beyond the conclusory allegation in its supplemental briefing that it is a third-party beneficiary. See Local 74 Suppl. Br. 2-3. Accordingly, any argument that Local 74 is a third-party beneficiary of the CBA has been waived. See Reynolds v. Wagner, 128 F.3d 166, 178 (3d Cir.1997); accord Kane Enters. v. MacGregor (USA) Inc., 322 F.3d 371, 376 n. 3 (5th Cir.2003) (waiver of a third-party beneficiary argument).
Moreover, even if the argument were not waived, Local 74’s claim to be a third-party beneficiary with standing to sue Local 313 under the contract would fail. It is axiomatic that a litigant may only sue a contracting party as a third-party beneficiary for the contracting party’s breach of a promise it made in the contract. See Triple C Railcar Serv., Inc. v. City of Wilmington, 630 A.2d 629, 633 (Del.1993) (“[A] third person, who is, in effect, a stranger to the contract, may enforce a contractual promise in his own right and name if the contract has been made for his benefit.” (emphasis added)); Restatement (Second) of Contracts § 304 (Am.Law.Inst, 2015) (“A promise in a contract creates a duty in the promisor to any intended beneficiary to perform the promise, and the intended beneficiary may enforce the duty.”); 13 Williston on Contracts § 37:1 (4th ed.2015). An examination of the relevant provisions of the CBA— § 10 and § 7 — reveals that Local 313 makes no relevant promises in the CBA that it could have breached.
Section 10 of the CBA addresses the remittal of deducted dues by the employer to Local 313 — not the forwarding of those deducted dues by Local 313 to Local 74. See App. 30 (“[T]he Company ... agrees to checkoff and remit to the Union dues and assessments of employees covered by this agreement pursuant to the following rules_” (emphasis added)); id. (referencing the “obligations of the Company under this provision” (emphasis added)). Local 313 therefore does not make any promises in § 10 about the forwarding of deducted dues to Local 74.
Similarly, the union security clause in § 7(1) contains a promise made only by employees of the bargaining unit — not Local 313. See App. 27 (“All present bargaining unit employees ... shall remain members of the Union in good standing as a condition of employment.” (emphasis added)).
The CBA simply does not address the gravamen of Local 74’s breach of contract claim: the fate of the deducted dues once the employer has remitted them to Local 313. As such, Local 313 makes no promises in the CBA about forwarding the deducted dues it receives from the employer *139 to Local 74. Local 74 cannot claim to be a third-party beneficiary of the CBA entitled to sue Local 313 for breach of a promise that does not exist.
Thus, I cannot join the majority’s opinion as it continues the fundamental error made by both the Magistrate Judge and the District Court in assuming that Local 74 has properly brought a claim for breach of the CBA. In my view, such a claim is foreclosed by the Complaint, Local 74’s non-party status under the CBA, and the lack of any relevant promises in the CBA that Local 313 could have breached.
Rather, I would inquire as to whether the “agreement between [Local 313 and Local 74]” about the forwarding of deducted dues referenced in the Complaint does, in fact, exist. The resolution of this question is straightforward.
The only references in the record to any such contract between Local 313 and Local 74 are that such a contract does not exist.[3] See Suppl. App. 68 (“There was nothing in writing, no agreements, no reciprocals or anything between Local 313 and Local 74 as far as dues.”); App. 231 (“There’s no written agreement governing how much of the dues assessments should be remitted [by Local 313 to Local 74].... ”).
Accordingly, I would affirm the District Court’s summary judgment on the breach of contract claim on the basis that Local 74 has failed to identify the “agreement between [Local 313 and Local 74]” about the forwarding of deducted dues referenced in its Complaint.

. I concur with the majority’s opinion with respect to Local 74’s LMRA § 302 claim that no remedy is available for any violation that may have occurred. See Maj. Op. at 136 n. 4.

. The majority’s construction of the breach of contract claim to allege a violation of the CBA appears to be based on Local 74’s construction of the claim in the District Court and on appeal. See, e.g., Pl.’s Mem. Supp. Mot. Summ. J. 1 ("This is an action by ... Local 74 ... to recover dues monies ... seized without authorization by ... [Local 313] in violation of a collective bargaining agreement. ... ”); Local 74 Br. 2 (“Did the District Court err in its construction of the relevant language of the collective bargaining agreement?”).
However, Local 74 may not argue a breach of contract claim that was not in its Com *138 plaint without amending its Complaint to allege such a claim. And, of course, Local 74's argument in its summary judgment papers cannot effect an amendment to its Complaint. See Shanahan v. City of Chi., 82 F.3d 776, 781 (7th Cir.1996).

. When pressed at oral argument, Local 74 argued for tiie first time in this litigation that an implied-in-fact contract existed between it and Local 313 as to the forwarding of deducted dues. At this late stage of the litigation, this new argument has been waived. See Pichler v. UNITE, 542 F.3d 380, 396 n. 19 (3d Cir.2008).